## IN RE THE SUCCESS COMPANY.

TRADEMARKS; CORPORATE NAMES.

The word "Success" is not registerable as a trademark, when "not written, printed, impressed, or woven in some particular manner," on the application of a corporation, the corporate name of which is "the Success Company," even though the word is the subject of a technical trademark. (Construing sec. 5 of the trademark act of Congress of 1905, and following *Kentucky Distilleries & Warehouse Co.* v. *Old Lexington Club Distilling Co.* 31 App. D. C. 223.)

No. 624. Patent Appeals. Submitted January 14, 1910. Decided February 1, 1910.

---

HEARING on an appeal from a decision of the Commissioner of Patents denying an application for the registration of a trademark.             *Affirmed.*

The facts are stated in the opinion.

*Messrs. Steuart & Steuart* and *Mr. John Emory Cross* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

The appellant, the Success Company, a corporation, seeks a reversal of the decision of the Commissioner of Patents, denying it registration of the word "Success" as a trademark.

Sec. 5 of the trademark act (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1909, p. 1278) prohibits the registration of any "mark which consists merely in the name of an individual, firm, corporation, or association, not written, printed, impressed, or woven in some particular or distinctive manner or in association with a portrait of the individual," etc.

The contention put forward here is that, although the mark involved is not applied in any particular or distinctive manner, it nevertheless is entitled to registration because it is the subject of a technical trademark, and hence is not *merely* the name of the corporation. The mark is the dominant feature of the corporate name, for "The" and "Company" add nothing to that name, any more than they would if they both preceded "Success." Under such an arrangement the corporate name would read "The Company Success," Success being the sole distinctive and identifying word.

Unless, therefore, a word which is the subject of a technical trademark, assuming "Success" as here used to be such a word, is entitled to registration notwithstanding it is a substantial reproduction of the corporate name, this case is ruled by our decision in *Kentucky Distilleries & Warehouse Co.* v. *Old Lexington Club Distilling Co.* 31 App. D. C. 223. The statute makes no such distinction as that for which appellant contends; and to read such a distinction into the statute would, we think, render abortive the intent of Congress. To entitle any mark to registration which consists merely in the name of a corporation, it must be applied "in some particular or distinctive manner." This mark, not being so applied, is not entitled to registration. The word "merely," as used in the statute, was clearly intended to prevent the registration by a corporation of its own name, whether that name be the subject of a technical trademark or not. We must take the statute as

we find it, and attempt to enforce its plain provisions. The decision of the Commissioner is right, and is therefore affirmed.

The clerk will certify these proceedings as by law required.

*Affirmed.*